# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| **ANGELICA LOPEZ SANCHEZ** | § | |
| | § | |
| **v.** | § | |
| | § | SA-12-CV-568-XR |
| **MIRIAM LOPEZ SANCHEZ, ET AL.** | § | |

### ORDER

On this day came on to be considered Movants' Emergency Motion for Stay of this Court's Order, entered on August 3rd, 2012, pending Movants' appeal of such Order to the U.S. Court of Appeals for the Fifth Circuit.

In *United States v. Baylor Univ. Medical Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983), the Fifth Circuit set forth the criteria for a stay pending appeal as follows: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. Additionally, the Fifth Circuit has also held, in *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981), that a movant "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in the favor of granting the stay."

In this case the Court found that Respondent and the Movants failed to establish by clear and convincing evidence that there is a grave risk that the children's return would expose the children to physical or psychological harm or otherwise place the children in an intolerable situation. The Court found that the age of maturity exception under the Hague Convention also failed.

The Court continues to find that the movant has not made a showing of a likelihood of success on the merits. The Movants allude to "facts," but failed to tender to this Court in these proceedings any competent evidence to establish by clear and convincing evidence that there is a grave risk that the children's return would expose the children to physical or psychological harm or otherwise place the children in an intolerable situation. Many of the documents relied upon by Movants contain hearsay. Despite being given the opportunity to present witnesses, Movants failed to call to the witness stand many of the individuals they now rely upon in their Emergency Motion. In addition, many of the "facts" they allude to were not raised by the children during the Court's in chambers examination. The Court provided the children an opportunity to discuss all of their concerns. They raised many concerns, but failed to raise many of the allegations Movants rely upon.

Nevertheless, because the immediate return of the children would effectively hinder any meaningful appellate review of this case, the Court will stay its Order requiring the minor children be returned forthwith to the custody of Petitioner.

IT IS HEREBY ORDERED that the Court's Order, entered August 3rd, 2012, is hereby STAYED pending Movants' appeal of the Order to the U.S. Court of Appeals for the Fifth Circuit.

SIGNED this 3rd day of August, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE